514

■  In the Matter of the COMMON COUNCIL OF THE CITY OF ALBANY, NEW YORK, Petitioner, v. TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent.— Notice and petition pursuant to article 17 of the General Municipal Law, having been duly filed with the Clerk of this court on the 30th day of November, 1964, Hon. HARRY E. SCHIRICK, Hon. HAROLD E. SIMPSON and Hon. MICHAEL E. SWEENEY, Justices of the Supreme Court, are hereby assigned to hear and report upon the issues in the above-entitled proceeding in accordance with the provisions of section 712 of the General Municipal Law.  Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■  In the Matter of the COMMON COUNCIL OF THE CITY OF ALBANY, NEW YORK, Petitioner, v. TOWN BOARD OF THE TOWN OF BETHLEHEM, Respondent.— Notice and petition pursuant to article 17 of the General Municipal Law, having been duly filed with the Clerk of this court on the 21st day of December, 1964, Hon. HARRY E. SCHIRICK, Hon. HAROLD E. SIMPSON and Hon. MICHAEL E. SWEENEY, Justices of the Supreme Court, are hereby assigned to hear and report upon the issues in the above-entitled proceeding in accordance with the provisions of section 712 of the General Municipal Law.  Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

■  In the Matter of the Claim of ABRAHAM COHN, Respondent, AMERICAN SUGAR REFINING COMPANY OF NEW YORK, Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Application for the appointment of an attorney and counselor at law to represent claimant-respondent on an appeal from a decision of the appeal board granted; and Leon M. Layden, Esq., of Hudson Falls, New York, appointed for that purpose.  (Labor Law, § 538.)  Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (January 8, 1965)

■  THE PEOPLE OF THE STATE OF NEW YORK ex rel. ERNEST GOODMAN, SR., Appellant, v. WALTER M. WALLACK, as Warden of Wallkill Prison, Respondent. — AULISI, J.  Appeal from a judgment of the Supreme Court, Ulster County, which dismissed a writ of habeas corpus.  The issue of the voluntariness of a confession cannot be entertained in a habeas corpus proceeding.  The remedy is by way of application in the nature of a writ of error coram nobis to the trial court (People v. Huntley, 15 N Y 2d 72).  We find no merit to appellant's other contentions (see People v. Goodman, 16 A D 2d 988, cert. den. Oct. 23, 1962 [Van Voorhis, J.], cert. den. 373 U. S. 926).  Judgment affirmed, without costs.  Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE J. RESSLER, JR., Appellant.— Per Curiam.  This is an appeal by the defendant from a judgment of the County Court, Rensselaer County, rendered December 23, 1963, after a jury trial, convicting him of manslaughter in the first degree and imposing sentence of 7½ to 15 years and from "each and every intermediate order therein made".  On June 22, 1964, Jackson v. Denno (378 U. S. 368) was decided.  In the light of the decisional law there enunciated we withhold determination of the appeal and remit the case for determination of the issues respecting the alleged confession, as such issues are defined in Jackson v. Denno (supra), by the Judge of the County Court, without a jury, in conformity with the procedure prescribed in People v. Huntley (15 N Y 2d 72).  Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.